UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NA'KEYA THOMAS,

                      Plaintiff,                          DECISION AND ORDER

-v-                                                          11-CV-6480 CJS

PROVIDENCE HOUSING DEV. CORP.,

                      Defendant.
_____

## INTRODUCTION

This is an action for employment discrimination. Now before the Court is Defendant's motion to dismiss the complaint pursuant to Fed.R.Civ. P. 12(b)(6). (Docket No. [#4]). The application is granted.

## BACKGROUND

Unless otherwise noted, the following facts are taken from the Complaint [#1]. Na'Keya Thomas ("Plaintiff"), proceeding *pro se*,[1] maintains that her former employer, Providence Housing Dev. Corp. ("Defendant"), discriminated against her on the basis of her race and color. After Defendant terminated Plaintiff's employment, Plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"). On June 20, 2011, the EEOC issued Plaintiff a "Right to Sue Letter," which is attached to the Complaint [#1]. The Right to Sue Letter advised Plaintiff that she must

---

[1] "While a *pro se* complaint must contain sufficient factual allegations to meet the plausibility standard, this Court affords *pro se* litigants 'special solicitude' by 'interpreting [a pro se ] complaint to raise the strongest claims that it suggests.'" *Jackson v. Pfau*, No. 12–324–pr, 2013 WL 1338712 at *1 (2d Cir. Apr. 4, 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir.2011) (alterations and quotation marks omitted)).

1

file any lawsuit "**WITHIN 90 DAYS of [her] receipt**" of the letter. (emphasis in original). Plaintiff received the Right to Sue Letter on June 25, 2011. Complaint [#1] at ¶ 18. Ninety days after that would have been Friday, September 23, 2011.

Plaintiff commenced this action by mailing her Complaint [#1] and application to proceed *in forma pauperis* [#2] to the Court by Federal Express "Priority Overnight," with delivery on "next business day." Plaintiff sent the envelope from McDonough, Georgia. The Federal Express envelope, which the Court retained, appears to indicate that it was received by Federal Express on Saturday, September 24, 2011, with a scheduled delivery date of Monday, September 26, 2011. In that regard, it appears that Plaintiff wrote out the air bill on September 23, 2011, however, handwritten notations on the envelope seem to have been made by FedEx staff the following day. In any event, since the envelope was sent "next business day," and Saturday delivery was not selected, the envelope was scheduled to be delivered to the Court on Monday, September 26, 2011 at the earliest. On September 26, 2011, the Court stamped the Federal Express envelope as being "received." The action was not filed until the following day, September 27, 2011. However, for purposes of the instant Decision and Order, the Court will treat the action as having been filed on September 26, 2011. *See, Friedman v. Swiss Re American Holding Corp.*, No. 11–5383, 2013 WL 656685 at *2 (2d Cir. Feb. 25, 2013) (unpublished) (For purposes of Title VII's 90-day filing requirement, treating complaint as having been filed on date actually received by Court, even though not filed until later). Accordingly, Plaintiff commenced this action 93 days after she received the Right to Sue Letter.

On December 16, 2011, Defendant filed the subject motion [#4] to dismiss the

2

Complaint on several grounds, including that the action was filed more than ninety days after Plaintiff received the Right to Sue Letter. On February 10, 2012, Plaintiff responded to the motion by sending a two-page letter [#9]2 to the Court, along with 176 pages of exhibits. The letter essentially explains why Plaintiff believes that she was a good employee, and why she believes that Defendant was wrong to terminate her employment. The exhibits consist of character references, emails and letters from tenants whom Plaintiff knew while she was employed by Defendant, and emails between Plaintiff and her former supervisors. Significantly, Plaintiff's submission does not acknowledge or address Defendant's contention that the action is time barred.

## DISCUSSION

It is well settled that "[a] Title VII claimant must file his complaint not more than 90 days after receipt of a right-to-sue letter from the EEOC. *See, Cornwell v. Robinson*, 23 F.3d 694, 706 (2d Cir.1994) (citing 42 U.S.C. § 2000e-5(f)(1))." *Dawes v. City Univerity of New York*, 193 Fed.Appx. 59, 60 (2d Cir. Aug. 11, 2006). When the action is not filed within ninety days, dismissal is appropriate. *Id*. at 61. In the instant case, it is evident from the Complaint that this action was not timely filed. Moreover, there is no indication that equitable tolling should apply. *See, Castro v. United Sec. Inc.*, No. 10 Civ. 6152(LBS), 2011 WL 4916402 at *2 (S.D.N.Y. Oct. 17, 2011) ("[I]n contexts where *pro se* plaintiffs have provided no explanation for their failure to timely file, or no evidence of an attempt to diligently exercise their legal rights, courts have denied equitable tolling.") (citations omitted). Accordingly, the action must be dismissed.

---

[2]The submission was not docketed immediately because Plaintiff mailed the submission directly to Chambers. The submission was docketed on May 11, 2012.

CONCLUSION

Defendants' motion [#4] is granted, and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is directed to terminate this action.

    SO ORDERED.

Dated:    May 15, 2013
             Rochester, New York

                                                /s/ Charles J. Siragusa
                                                CHARLES J. SIRAGUSA
                                                United States District Judge